FILED IN CHAMBERS
U.S.D.C. Rome

OCT 18 2007

JAMES N. HATTEN, Clerk
By: _____ Deputy Clerk

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

FLOYD D. MANNING,

      Plaintiff,

  v.

STEVE WILSON, Sheriff, Walker County, Georgia, RON CLARK, Deputy Sheriff, Walker County, Georgia, and PAMELA S. PANGLE, Parole Officer, State Board of Pardons and Paroles, Walker County, Georgia, and JOHN DOE, Deputy Sheriff, Walker County, Georgia, in their official and individual capacities,

      Defendants.

CIVIL ACTION

NO. 4:05-CV-183-RLV

## O R D E R

This matter is before the court upon the motion of the remaining defendants, Ron Clark and Pamela S. Pangle, to exclude the testimony of certain witnesses or to reopen discovery so that the witnesses can be deposed [Doc. No. 102].

This case was filed on August 26, 2005, and the plaintiff filed his initial disclosures four days later. The defendants filed answers on September 19. Clark filed his initial disclosures on September 26, and Pangle filed her initial disclosures on October 4. On December 27, 2005, after certain claims and parties had been dismissed, the court approved and signed the parties'

Joint Preliminary Report and Discovery Schedule.  Discovery concluded on February 16, 2006.

Clark moved for summary judgment on March 2, and Pangle moved for summary judgment on March 8.  By order dated June 22, 2006, the court granted in part and denied in part those motions.  In an opinion dated February 23, 2007, the Court of Appeals affirmed that order, and the mandate issued on March 26.  This case is now set for trial to begin on November 5, 2007.

The plaintiff now seeks to introduce at trial the testimony of four witnesses, one of whom is a physician, who have not previously been identified.  In responding to the motion to exclude testimony, the plaintiff states that he identified his doctor in his deposition and cites to page 52 of his deposition.  At his deposition the plaintiff testified as follows:

> Q.  Did you have to seek any kind of medical treatment for the way you felt as a result - -
>
> A.  No.  I probably should, though.  I mean, my blood pressure medicine increased twofold.  It was 10 milligram, now I'm taking 20 milligram.  I don't know if that has anything to do with it or not.
>
> Q.  Who's your doctor?
>
> A.  Dr. Enjeti.  That's a VA.  Chattanooga Outpatient Clinic.

Deposition of Floyd Manning at 52-53.

2

This is not the kind of witness identification contemplated by the Federal Rules of Civil Procedure, and it certainly is not the kind of identification contemplated for expert witnesses.

The other three witnesses most recently identified by the plaintiff in the pretrial order are Robert S. Clark, Edgar Dawson, and Tonja McCarver. In response, the plaintiff never explains why these witnesses were not disclosed prior to the end of the discovery period. Instead he says simply, "This [ sic] names and addresses and telephone numbers are listed in the Pre-Trial Order. None of the Plaintiff's witnesses named in Defendants' motion are eyewitnesses to the event." Plaintiff's Response to Defendants' Motion to Exclude Witnesses or in the Alternative for Additional Time to Depose Witnesses, Retain an Expert and Supplement Defendants' Motion for Summary Judgment at 2.

Because none of the plaintiff's additional witnesses were identified during the discovery period, because the plaintiff has given no legal justification for not naming these witnesses until the pretrial order, and because the case is scheduled for trial to begin on November 5, 2007, the court concludes that the late additional of these witnesses is untimely and that the defendants would be unfairly prejudiced by allowing these new witnesses to testify.

3

For the foregoing reasons, the defendants' motion to exclude the testimony of Dr. Belay Eschette, Robert S. Clark, Edgar Dawson, and Tonja McCarver [Doc. No. 102] is GRANTED.

SO ORDERED, this 18TH day of October, 2007.

/s/ Robert L. Vining, Jr.
ROBERT L. VINING, JR.
Senior United States District Judge